IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **Visa Inc. and Subsidiaries,**<br><br>**Plaintiff,**<br><br>v.<br><br>**The United States of America,**<br><br>**Defendant.** | **No. 24-957T**<br><br>**Judge Matthew H. Solomson** |

**JOINT STATUS REPORT AND JOINT MOTION TO STAY DEADLINE TO RESPOND TO PLAINTIFF'S MOTION TO REDACT**

The parties respectfully submit this Joint Status Report to apprise the Court of the parties' discussions concerning Plaintiff's pending Motion to Redact (*see* Doc. 3) ("Motion"), (*see also* Doc. 8), and to inform the Court about Plaintiff's proposed, anticipated motion for leave to file substitute documents pursuant to Rule 9(m)(2)(A), which the parties believe will moot the Motion. In that light, the parties also jointly move to stay the August 9, 2024 deadline for the government to respond to the Motion.

1. By way of background, on June 21, 2024, Plaintiff, Visa Inc. and Subsidiaries ("Visa"), filed a complaint seeking tax refunds for Visa's 2008–2015 tax years.[1] Under Rule 9(m)(2)(A), Visa attached to its complaint copies of its administrative refund claims on which it claimed the domestic production activities deduction under former

---

[1] Under Rule 9(m)(1), Visa filed the complaint under seal and concurrently filed a redacted version that conformed to Rule 5.2. This Court has not yet lifted the seal for the redacted version of the complaint. Contemporaneous with the filing of this joint status report, Visa is filing a motion to unseal the redacted version of the complaint.

1

section 199. (*See* Doc. #1-2 through #1-20). The refund claims consisted of Forms 1120X and documents explaining the basis of the section 199 refund claims. Visa also attached additional documents (e.g., contracts, IRS closing agreements) that were either given to the IRS during the administrative process with respect to the section 199 refund claims or which were related to other matters not at issue.

2.  Visa believes that some of the documents in the Rule 9(m)(2)(A) filing contain information that is highly sensitive and proprietary to Visa and a third party. Through its Motion, Visa sought to redact, in full, all of the material submitted with its Rule 9(m)(2)(A) filing. (*See* Doc. 3, *see also*, Doc. #1-2 through #1-20; Doc. 2-1 through 2-19 (proposed redactions)).

3.  In turn, on July 2, the United States filed, and the Court granted, an unopposed motion to extend the deadline to respond to the Motion (from July 5, under RCFC 7.2(a)(i), to August 9), on the grounds that the parties are conferring about possible ways to resolve the government's concerns about the scope and breadth of the proposed redactions, without the need for Court intervention. (*See* Doc. 8; *see also* July 2, 2024 Minute Order). Since then, the parties have met twice—and continue to work together— in an effort to resolve the government's concerns.

4.  As a result of those discussions, Visa proposes to file a motion for leave to file substitute documents pursuant to Rule 9(m)(2)(A). Under this proposal, Visa would move to substitute the attachments to its original Rule 9(m)(2)(A) filing. This substitute filing would include all of the existing documents except for the additional documents that were either unrelated to the section 199 claims or given to the IRS during the administrative process. Thus, the substitute filing would be limited to the Forms 1120X and the documents explaining the basis of the section 199 refund claims. This would

enable Visa to remove hundreds of pages from the filing and obviate the need for Visa to propose any redactions with respect to the additional documents, which would be removed from the filing. With the caveat that the government has not yet seen Visa's proposed motion for leave, and setting aside the separate issue of proposed redactions (discussed next), the government does not anticipate opposing Visa's motion for leave or its suggested approach with respect to seeking to substitute documents, as described above. Visa anticipates filing a motion for leave on or before August 28.[2]

5.  The parties also have discussed Visa's proposal to make limited redactions to the substitute Rule 9(m)(2)(A) filing. Visa seeks to propose limited redactions to the remaining documents explaining the basis of the section 199 refund claims. Visa is in the process of making these limited redactions. Once Visa finalizes these new proposed redactions, and before Visa files its motion for leave, the parties intend to meet and confer about the redactions in the proposed substitute Rule 9(m)(2)(A) filing. After the parties meet, the parties expect that Visa's proposed redactions will be addressed in the motion for leave or in a separate motion to redact filed concurrently.

6.  It is likely that the parties will continue to collaborate after August 9, which is the deadline for the government to respond to Visa's Motion to Redact. The parties expect that Visa's proposed substitute Rule 9(m)(2)(A) filing will render the Motion moot. Thus, the parties request that the Court stay the government's August 9 deadline pending Visa's filing the motion for leave to file substitute documents. The parties hope to resolve these issues without the need for intervention by the Court.

---

[2] The government intends to file a motion seeking a 60-day extension to file its answer or otherwise respond to the complaint, presently due August 20, 2024. Visa will not object to this motion.

3

| | |
|---|---|
| DATED: August 8, 2024 | Respectfully submitted, |
| */s/ Thomas Kittle-Kamp* | */s/ Jonathan L. Blacker* |
| Thomas Kittle-Kamp | JONATHAN L. BLACKER |
| Attorney for Plaintiff | Trial Attorney, Tax Division |
| Mayer Brown LLP | U.S. Department of Justice |
| 71 South Wacker Drive | 717 N. Harwood, Suite 400 |
| Chicago, IL 60606 | Dallas, Texas 75201 |
| Telephone: (312) 701-7028 | Tel: 214-880-9765 |
| Fax: (312) 706-9197 | Cell: 202-598-7019 |
| Email: tkittlekamp@mayerbrown.com | Fax: 214-880-9741 |
| | Jonathan.Blacker2@usdoj.gov |

Attorney of Record

DAVID A. HUBBERT
Deputy Assistant Attorney General
DAVID I. PINCUS
Chief, Court of Federal Claims Section
JASON BERGMANN
Assistant Chief, Court of Federal Claims Section
STEVEN M. CHASIN
Trial Attorney

*s/ Jason Bergmann*
Of Counsel

Attorneys for Defendant

4