IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____

No. 24-957 T
(Judge Matthew H. Solomson)

VISA INC. AND SUBSIDIARIES,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

_____

ANSWER TO THE COMPLAINT

_____

For its answer to the Complaint, defendant respectfully denies each and every allegation

contained therein that is not expressly admitted below.

Defendant further states:

With respect to the preamble language on page 1 of the Complaint, defendant admits that

Plaintiff, Visa Inc. and Subsidiaries ("**Visa**") brings this suit against defendant, the United States,

for the recovery of federal income taxes for the tax years listed.

Nature of the Dispute

1.    With respect to the first two sentences of paragraph 1, states that defendant lacks

knowledge or information sufficient to form a belief about the truth of the allegations in these

sentences, and/or, in the alternative, states that the allegations are argument to which no response

is required.  With respect to the third sentence of this paragraph, admits that Visa does not issue

cards or extend credit.  Defendant lacks knowledge or information sufficient to form a belief

about the truth of the remaining allegations in this sentence.  With respect to the fourth sentence

of this paragraph, admits that Visa operates a payment network.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations under subpart (1) in this fourth sentence.  With respect to subpart (2) in this fourth sentence, denies.  Avers that Visa does more than develop and maintain software—rather, it develops and maintains a payment network, including technology infrastructure and software, with which financial institutions interface to authorize, clear, and settle payment card transactions.  States that the remainder of this paragraph constitutes legal conclusions or argument as to which no response is required.

2.     With respect to the first sentence of paragraph 2, avers that Visa is a payment card services company.  Admits that Visa has operated in San Mateo, California.  With respect to the second sentence of this paragraph, admits that Visa developed VisaNet, but denies that VisaNet is its core transaction software.  Avers that VisaNet is a network—which includes technology infrastructure, and a vast pool of members—and is more than computer software.  With respect to the fourth sentence, admits that Visa made VisaNet available to its member financial institutions to digitally authorize, clear, and settle payment card transactions among themselves—but avers that Visa acts as an intermediary or 'middleman' for those transactions, and further avers that Visa controls and manages the process by which financial institutions use VisaNet for authorization, clearance, and settlement, and that Visa charges fees for those payment processing services.  States that defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and/or, in the alternative, states that the remaining allegations are argument to which no response is required.

3.     With respect to the first sentence of paragraph 3, denies.  With respect to the second sentence of paragraph 3, denies that a license of VisaNet, as described in the preceding

sentence, is set forth in Visa's Operating Regulations.  With respect to the allegation in the second sentence of paragraph 3 that Visa's Operating Regulations are "a set of binding contractual provisions governing the relationship between and among Visa and its customer financial institutions," states that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation, and/or, in the alternative, states that the allegation is argument and/or legal conclusion to which no response is required.

4.      Admits that this tax refund case follows the IRS's denial of Visa's claims for the domestic production activities deduction under former section 199 (the "**Section 199 Deduction**").  States that the remaining allegations in this paragraph are argument and/or legal conclusions to which no response is required.  States that footnote 1 requires no response.

5.      Admits that Congress enacted the Section 199 Deduction in 2004.  States that defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph 5, and/or, in the alternative, states that the remaining allegations are argument and/or legal conclusions to which no response is required.

6.      Denies that the Section 199 Deduction "appl[ies] broadly to '***any*** software' produced in the United States."  (emphasis in Complaint).  States that defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and/or, in the alternative, states that the remaining allegations are argument and/or legal conclusions to which no response is required.

7.      States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and/or, in the alternative, states that the allegations are argument and/or legal conclusions to which no response is required.  States that footnote 2 does not warrant a response.

8.      With respect to the preamble language in paragraph 8, concerning VisaNet, admits that Visa developed VisaNet, but denies that VisaNet is just software. Avers that VisaNet is a processing network, not just software. With respect to the preamble language in paragraph 8, concerning Cybersource, avers that Visa acquired Cybersource in 2010. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this preamble language about what Visa software engineers produced, with respect to Cybersource.

    a.   **VisaNet software**.  Denies the first sentence of paragraph 8.a.  Avers that VisaNet was a processing network.  Avers further that third-party customer financial institutions that issue Visa-branded cards or payment products to account holders ("**Issuers**") and third-party customer financial institutions that contract with merchants to accept Visa-branded cards or payment products ("**Acquirers**") interfaced with that network.  Denies the last sentence of paragraph 8.a.  Avers that Issuers and Acquirers interfaced with the VisaNet payment network for the processing of cardholder transactions, and that Visa, through VisaNet, served as a 'middleman' between Issuers and Acquirers.

    **b.   Cybersource software.**  Admits the first sentence of paragraph 8.b.  With respect to the second sentence of paragraph 8.b., defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this sentence.

9.      With respect to the first sentence of paragraph 9, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this sentence.  With respect to the second sentence of this paragraph, denies.  Avers that the data processing fees at issue are fees-for-service, not fees derived from for the "use of the software (by Issuers, Acquirers, and merchants)."  With respect to the third and fourth sentences of this paragraph,

defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations. With respect to the fifth sentence of this paragraph, denies. Avers that the revenues at issue derive from fees that Visa charges for payment-processing services that Visa performs for its customers—not for any software licensed or provided to customers for their own use.

10.     With respect to the first, fourth, fifth, and sixth sentences of paragraph 10, denies. With respect to the second and third sentences of this paragraph, defendant states the allegations are argument and/or legal conclusions to which no response is required.

11.     With respect to the first, fourth, and fifth sentences of paragraph 11, denies. With respect to the second and third sentences of this paragraph, defendant states the allegations are argument and/or legal conclusions to which no response is required. Avers that Visa derived revenues by charging payment processing fees which Issuers and Acquirers paid for Visa to perform those services through the processing network, VisaNet—rather than for "use of the licensed software."

12.     With respect to the first, third, fourth, sixth, and seventh sentences of paragraph 12, denies. Avers (with respect to the fourth sentence) that Visa derived the fees at issue from providing processing services for a fee, through the VisaNet processing network—which Visa operated, and which Issuers and Acquirers interfaced with. With respect to the second and fifth sentences of this paragraph, defendant states the allegations are argument and/or legal conclusions to which no response is required.

13.     With respect to the first sentence of paragraph 13, admits that the Cybersource software did not qualify under the general rule for licensing, as alleged. Denies the remainder of this paragraph.

14.    With respect to the first two sentences of paragraph 14, denies.  States that defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and/or, in the alternative, states that the remaining allegations are argument and/or legal conclusions to which no response is required.

<u>Identity of the Parties</u>

15.    Admits.

16.    Admits.

17.    Admits that defendant is the United States.

<u>Jurisdiction</u>

18.    Admits that this Court's jurisdiction, to the extent it exists, is predicated upon 28 U.S.C. § 1491(a)(1).

19.    Admits.

20.    Admits.

<u>Statement of Claim</u>

21.    With respect to the first sentence in paragraph 21, states that the allegations are argument and/or legal conclusions to which no response is required.  With respect to the second sentence, admits that most of the deductions related to VisaNet—but denies that VisaNet is just "software…, which Visa licensed to financial institutions that used it to process data for payment authorization, clearing, and settlement."  With respect to the third sentence, admits that deductions also related to Cybersource, which Visa provided online to e-commerce merchants that used it to accept and management payments.  States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the remainder of the second and third sentences.

6

22.    Denies.

## I.    Legal Background

23.    Admits the first sentence of paragraph 23.  States that the remaining allegations are legal argument and/or legal conclusions to which no response is required.  States the footnote 3 does not warrant a response.

24.    States that the allegations in this paragraph 24 are legal argument and/or legal conclusions to which no response is required.

25.    States that the allegations in this paragraph 25 are legal argument and/or legal conclusions to which no response is required.

26.    **General rule.**  States that the allegations in this paragraph 26 are legal argument and/or legal conclusions to which no response is required.

27.    States that the allegations in this paragraph 27 are legal argument and/or legal conclusions to which no response is required.

28.    **Services.**  States that the allegations in this paragraph 28 are legal argument and/or legal conclusions to which no response is required.

29.    **Exceptions**.  States that the allegations in this paragraph 29, including subparts (a) and (b), are legal argument and/or legal conclusions to which no response is required.

30.    Denies.

## II.    Section 199 Deduction for the VisaNet Software

### A.  Background

31.    States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

32.     States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

33.     States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

34.     Admits that for Issuers and Acquirers, Visa develops and helps promote the use of the Visa-branded cards and payment products that Issuers and Acquirers offer to their customers. Denies that Visa provides and hosts "the VisaNet software" that Issuers and Acquirers use to process their data.  Avers that Visa provides the VisaNet payment network with which Issuers and Acquirers interface, for the processing of cardholder transactions, where Visa functions as a 'middleman' between Issuer and Acquirer.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and/or, in the alternative, states that the remaining allegations are argument and/or legal conclusions to which no response is required.

35.     Denies the first and second sentences of the preamble to paragraph 35.  Avers that VisaNet is not just "software"—it is a processing network—and avers further that Visa did not derive revenue from licensing VisaNet to Issuers and Acquirers.  Further avers that Visa is not removed from the process—rather, Visa serves as a 'middleman' to Issuers and Acquires which interface with VisaNet for the authorization, clearing, and settlement of payment transactions.

   a.  **Authorization.**  Admits the first sentence of paragraph 35.a.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

   b.  **Clearing.**  Admits the first sentence of paragraph 35.b.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

c. **Settlement.**  States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

i. **Visa**

36.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

37.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

38.    Admits that Visa conducted an initial public offering in March 2008.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

39.    Admits.  With respect to footnote 4, admits.

ii. **VisaNet**

40.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

a. **Issuer and Acquirer Data Processing Centers**

41.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

42.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

43.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

44.     Denies that VisaNet is just "software."  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

### b.  VisaNet Programs

45.     Denies that "Issuers and Acquirers used the programs in the VisaNet software for authorization, clearing, and settlement."  Avers that Issuers and Acquirers interfaced with VisaNet payment network for authorization, clearing, and settlement.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.  Footnote 5 does not warrant a response.

### 1.  Base I – Authorization

46.     Admits the first and second sentences of paragraph 46.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

47.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph (and footnote 6).

48.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

49.     **Issuer Authorization**.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

50.     **Stand-In Processing**.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

51.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

52.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

53.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## 2.  BASE II—Clearing

54.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

55.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

56.    **Outgoing Processing**.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

57.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

58.    **Incoming Processing.**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## 3.  SMS—Authorization & Clearing Alternative

59.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

60.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## 4.  VSS—Settlement

61.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

62.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

63.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

### c. Visa provided the VisaNet software to Issuers and Acquirers in different ways.

64.     Denies that "Visa provided the VisaNet software to the financial institutions for their use. . . ." Avers that VisaNet is a payment network, and more than just software. Avers further that the financial institutions interfaced with this network with Visa as a 'middleman.' Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

65.     **Online**. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

66.     **Download**. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

67.     **Tangible medium**. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

68.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

### B. Visa is entitled to the claimed Section 199 Deduction for the VisaNet software

69.     With respect to the first and third sentence in paragraph 69, denies. With respect to the second sentence, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations. Avers (with respect to the second sentence) that VisaNet is a

network—which includes technology infrastructure, and a vast pool of members—and is more than computer software.

### i.    VisaNet Revenue is DPGR

#### a.    General Rule

70.    States that the first and second sentence of paragraph 70 constitutes legal conclusions or argument as to which no response is required.  With respect to the third sentence of paragraph 70, denies.

### 1.    Visa licensed the VisaNet software to Issuers and Acquirers

71.    With respect to the first two sentences of paragraph 71, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in these sentences, and/or, in the alternative, states that the allegations in these sentences are argument and/or legal conclusions to which no response is required.  With respect to the third sentence, admits that Chapter 3 of the Visa International Operating Regulations (October 15, 2010) is entitled, "The Visa License."  With respect to the fourth sentence, states that the allegations in that sentence are argument and/or legal conclusions to which no response is required.  Admits that Figure 1 appears to be an excerpt from page 95 of the Visa International Operating Regulations (October 15, 2010).

72.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and/or, in the alternative, states that the allegations are argument and/or legal conclusions to which no response is required.  Admits that Figure 2 appears to be an excerpt from page 108 of the Visa International Operating Regulations (October 15, 2010).

73.    Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

## 2.  Visa derived the revenue at issue from licensing the VisaNet software

74.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of this paragraph.  With respect to the third sentence, denies.  Avers that VisaNet was not just "software," and further avers that Visa did not derive revenue from the license of VisaNet.

75.    **Data Processing Revenue**.  With respect to the first sentence of this paragraph, denies.  With respect to the second sentence, admits that Visa claimed the Section 199 Deduction for data processing revenues, but denies that Visa derived data processing revenue "from the license of the VisaNet software."  Avers that VisaNet is not just "software" (it is a processing network).  Avers further that the data processing revenues are service fees which Visa charged for the payment processing (and are not derived from the license of the "VisaNet software").  With respect to subparts (a)-(e), defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations.

76.    **International Transaction Revenue.**  Denies.  Avers that VisaNet is not just "software" (it is a processing network).  Avers further that Visa did not derive the revenue at issue "from the license of the VisaNet software."  Avers further than the revenue at issue derived from fees which Visa charged for processing Issuers' and Acquirers' intranational transactions on VisaNet.

77.    **Other revenue.**  Denies.

78.    Denies.  Avers that the reference to the paragraphs 68 and 70 is unintelligible.

### b.    Self-Comparable Exception

79.    Denies.

80.    States that the allegations in this paragraph are legal argument and/or legal conclusions to which no response is required.

81.    States that the allegations in this paragraph are legal argument and/or legal conclusions to which no response is required.

### 1.    Much of the VisaNet software was online software

82.    Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

### 2.    Visa derived gross receipts on a regular and ongoing basis from providing Issuers and Acquirers access to VisaNet for their direct use.

83.    Denies.

84.    States that the allegations in the first sentence of this paragraph are legal argument and/or legal conclusions to which no response is required.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

### 3.    Visa satisfies the Self-Comparable exception through its license of VisaNet to Visa Europe

85.    Admits that during the years at issue, Visa Europe was a separate, independent entity.  With respect to footnote 7, admits.  States that defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and/or, in the alternative, states that the remaining allegations in this paragraph are legal argument or legal conclusions to which no response is required.

86.    Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

87.     Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

88.     States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and/or, in the alternative, states that the allegations are argument and/or legal conclusions to which no response is required.

89.     With respect to the first sentence, states that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  With respect to the second and third sentences, denies.  Avers that VisaNet is not just "software"—it is a processing network.  Avers further that VisaNet and Visa System are materially different.

### 4.  Visa satisfies the Self-Comparable exception through its license of the LicenseNet Platform

90.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and/or, in the alternative, states that the allegations are argument and/or legal conclusions to which no response is required.

91.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and/or, in the alternative, states that the allegations are argument and/or legal conclusions to which no response is required.

92.     With respect to the first sentence, states that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  With respect to the second and third sentences, denies.  Avers that VisaNet is not just "software"—it is a processing network.  Avers further that VisaNet and Visa System are materially different.

### c.     Third-Party Comparable Exception

93.     Denies.

94.     States that the allegations in this paragraph are legal argument and/or legal conclusions to which no response is required.

95.     States that the allegations in this paragraph, including subparts (a) and (b), are legal argument and/or legal conclusions to which no response is required.

96.     Denies.

97.     With respect to the first four sentences of this paragraph, denies.  With respect to the fifth sentence, states that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

> **d.  Visa produced the VisaNet software in whole or in significant part within the United States**

98.     Denies that VisaNet is just "software."  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of this paragraph.

> **ii.  Visa determined the expenses properly allocable to the DPGR for VisaNet**

99.     Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

## III.    Section 199 Deduction for the Cybersource Software

100.    Admits.

101.    With respect to the first sentence of this paragraph, admits.  Denies the second sentence.

### A.  Background

102.    Admits that Cybersource's software platforms enable merchants to accept electronic payments.  States that defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

103.    Admits.

### i. Payment Processing Software

104.    Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

105.    Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

### ii. Payment Security Software

106.    Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

### iii. Fraud Management Software

107.    Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

108.    Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

109.    Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

**B. Visa is entitled to the claimed Section 199 Deductions for the Cybersource Software.**

### i. Cybersource Software revenue is DPGR

#### a. Third-Party Comparable Exception

110.    Denies.

111.    Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

112.    Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

113.    Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

114.    Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

> **b.  Cybersource produced the Cybersource Software in whole or in significant part within the United States.**

115.    Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

> **ii.  Visa determined the expenses properly allocable to the DPGR for the Cybersource Software**

116.    Defendant lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

**IV.    Refund Claims.**

**A.  Refund Claim Summary**

117.    Admits that Visa filed refund claims related to the Section 199 Deductions in issue for its tax years ending September 30, 2008, September 30, 2009, September 30, 2010, September 30, 2011, September 30, 2012, September 30, 2013, September 30, 2014, and September 30, 2015.  States that the remaining allegations in this paragraph are legal argument and/or legal conclusions to which no response is required.

118.    Admits that some of Visa's refund claims for the above-stated years (*i.e.,* as referred to in Complaint paragraph 117) included items other than Section 199 Deductions, and that, for those years, the IRS allowed certain refunds unrelated to the Section 199 Deductions. Denies that the IRS improperly denied the refund claims attributed to the Section 199 Deductions.  Admits that the table included at paragraph 118 summarizes the amounts of the

Section 199 Deductions claimed by Visa, and the amounts of the associated refund claims sought by Visa, which the IRS denied for each tax year.  States that the remaining allegations in this paragraph are legal argument and/or legal conclusions to which no response is required.

**B.    Refund Claim Details**

**i.    Tax Year ended September 30, 2008**

119.    Admits that, according to an IRS Certified Transcript, IRS Form 4340, dated August 22, 2024, for plaintiff's tax year ended September 30, 2008, plaintiff filed an income tax return with the IRS for that year, on or around June 12, 2009 (the "**Original 2008 Return**"). States that defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and/or, in the alternative, states that the remaining allegations are argument and/or legal conclusions to which no response is required.

120.    Admits that, according to the aforementioned Certified Transcript, Visa's Original 2008 Return reported total tax of $551,098,698, and that Visa paid this tax by making electronic payments and applying credits per the table set forth in this paragraph.  States that the remaining allegations in this paragraph are legal argument and/or legal conclusions to which no response is required.

121.    Admits that, according to Complaint Exhibit A (Doc. 15), on or around March 17, 2014, Visa filed a refund claim for its tax year ended September 30, 2008 on Form 1120X, Amended U.S. Corporation Income Tax Return (the "**2008 Refund Claim**"), with the IRS Service Center in Ogden, UT, and that it (i) included a claim for a $74,616,915 Section 199 Deduction, and (ii) sought a total refund of $66,996,305.  States that the remaining allegations in this paragraph are legal argument and/or legal conclusions to which no response is required.

122.     Admits that, according to Complaint Exhibit B (Doc. 15-1), it appears that on or around February 22, 2018, Visa filed an amendment to the 2008 Refund Claim with the IRS Service Center in Ogden, UT.  States that the remaining allegations in this paragraph are legal argument and/or legal conclusions to which no response is required.

123.     Admits that, according to Complaint Exhibit C (Doc. 15-2), it appears that on or around August 16, 2022, Visa filed an amendment to the 2008 Refund Claim with the IRS Service Center in Ogden, UT.  Admits that this followed an examination and administrative appeals process.  States that the remaining allegations in this paragraph are legal argument and/or legal conclusions to which no response is required.

124.     Admits, and avers that the letter also stated, prior to the quoted text, "We considered your protest and the evidence and arguments submitted in support of the above claim for a refund of tax.  After making the necessary adjustments, we're allowing part of your claim amount.  We can't allow your entire claim for the following reasons:"  Avers further that the letter also stated, in relevant part, "We based our decision on the provisions of the IRS laws and regulations."

125.     Denies.

### ii.     Tax Year ended September 30, 2009

126.     Admits that, according to an IRS Certified Transcript, IRS Form 4340, dated August 12, 2024, for plaintiff's tax year ended September 30, 2009, plaintiff filed an income tax return with the IRS for that year, on or around June 11, 2010 (the "**Original 2010 Return**").  States that defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and/or, in the alternative, states that the remaining allegations are argument and/or legal conclusions to which no response is required.

127.    Admits that, according to the aforementioned Certified Transcript, Visa's Original 2009 Return reported total tax of $723,355,742, and that Visa paid this tax by making electronic payments and applying credits per the table set forth in this paragraph.  States that the remaining allegations in this paragraph are legal argument and/or legal conclusions to which no response is required.

128.    Admits that, according to Complaint Exhibit D (Doc. 15-3), it appears that on or around May 21, 2015, Visa filed a refund claim for its tax year ended September 30, 2009 on Form 1120X, Amended U.S. Corporation Income Tax Return (the "**2009 Refund Claim**"), with the IRS Service Center in Ogden, UT, and that it (i) included a claim for a $103,064,520 Section 199 Deduction, and (ii) sought a total refund of $30,661,714.  With respect to the third, fourth, and fifth sentences of this paragraph, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations therein.  Avers that according to the aforementioned Certified Transcript, Visa was assessed $648,180 of additional tax by examination, and Visa applied an overpayment balance from a different year, in the same amount.  States that the remaining allegations in this paragraph are legal argument and/or legal conclusions to which no response is required.

129.    Admits that, according to Complaint Exhibit E (Doc. 15-4), it appears that on or around February 22, 2018, Visa filed an amendment to the 2009 Refund Claim with the IRS Service Center in Ogden, UT.  Admits that the amendment appears to provide additional explanation of the grounds for the refund claim.  States that the remaining allegations in this paragraph are legal argument and/or legal conclusions to which no response is required.

130.    Admits that, according to Complaint Exhibit F (Doc. 15-5), it appears that on or around August 16, 2022, Visa filed an amendment to the 2009 Refund Claim with the IRS

Service Center in Ogden, UT.  Admits that this followed an examination and administrative appeals process.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and/or, in the alternative, states that the remaining allegations are argument and/or legal conclusions to which no response is required.

131.    Admits, and avers that the letter also stated, prior to the quoted text, "We considered your protest and the evidence and arguments submitted in support of the above claim for refund of tax.  We can't allow the above claim for an adjustment to your tax for the following reasons:"  Avers further that the letter also stated, in relevant part, "We based our decision on the provisions of the IRS laws and regulations."

132.    Denies.

### iii.    Tax Year ended September 30, 2010

133.    Admits that, according to an IRS Certified Transcript, IRS Form 4340, dated August 22, 2024, for plaintiff's tax year ended September 30, 2010, plaintiff filed an income tax return with the IRS for that year, on or around June 14, 2011 (the "**Original 2010 Return**").  States that defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and/or, in the alternative, states that the remaining allegations are argument and/or legal conclusions to which no response is required.

134.    Admits that, according to the aforementioned Certified Transcript, Visa's Original 2010 Return reported total tax of $949,829,856, and that Visa paid this tax by making electronic payments and applying credits per the table set forth in this paragraph.  States that the remaining allegations in this paragraph are legal argument and/or legal conclusions to which no response is required.

135.    Admits that, according to Complaint Exhibit G (Doc. 15-6), it appears that on or around May 21, 2015, Visa filed a refund claim for its tax year ended September 30, 2010 on Form 1120X, Amended U.S. Corporation Income Tax Return (the "**2010 Refund Claim**"), with the IRS Service Center in Ogden, UT, and that it (i) included a claim for a $115,886,221 Section 199 Deduction, and (ii) sought a total refund of $91,718,664.  States that the remaining allegations in this paragraph are legal argument and/or legal conclusions to which no response is required.

136.    Admits that, according to Complaint Exhibit H (Doc. 15-7), it appears that on or around February 22, 2018, Visa filed an amendment to the 2010 Refund Claim with the IRS Service Center in Ogden, UT.  Admits that the amendment appears to provide additional explanation of the grounds for the refund claim.  States that the remaining allegations in this paragraph are legal argument and/or legal conclusions to which no response is required.

137.    Admits that, according to Complaint Exhibit I (Doc. 15-8), it appears that on or around August 19, 2022, Visa filed an amendment to the 2010 Refund Claim with the IRS Service Center in Ogden, UT.  Admits that this followed an examination and administrative appeals process.  States that the remaining allegations in this paragraph are legal argument and/or legal conclusions to which no response is required.

138.    Admits, and avers that the letter also stated, prior to the quoted text, "We considered your protest and the evidence and arguments submitted in support of the above claim for a refund of tax.  After making the necessary adjustments, we're allowing part of your claim amount.  We can't allow your entire claim for the following reasons:"  Avers further that the letter also stated, in relevant part, "We based our decision on the provisions of the IRS laws and regulations."

139.    Denies.

### iv.    Tax Year ended September 30, 2011

140.    Admits that, according to an IRS Certified Transcript, IRS Form 4340, dated

August 22, 2024, for plaintiff's tax year ended September 30, 2011, plaintiff filed an income tax

return with the IRS for that year, on or around June 13, 2012 (the "**Original 2011 Return**").

States that defendant lacks knowledge or information sufficient to form a belief about the truth of

the remaining allegations in this paragraph, and/or, in the alternative, states that the remaining

allegations are argument and/or legal conclusions to which no response is required.

141.    Admits that, according to the aforementioned Certified Transcript, Visa's Original

2009 Return reported total tax of $1,325,057,990, and that Visa paid this tax by making

electronic payments and applying credits per the table set forth in this paragraph.  States that the

remaining allegations in this paragraph are legal argument and/or legal conclusions to which no

response is required.

142.    Admits that, according to Complaint Exhibit J (Doc. 15-9), it appears that on or

around May 21, 2015, Visa filed a refund claim for its tax year ended September 30, 2011 on

Form 1120X, Amended U.S. Corporation Income Tax Return (the "**2011 VisaNet Refund**

**Claim**"), with the IRS Service Center in Ogden, UT, and that it (i) included a claim for a

$186,782,868 Section 199 Deduction, and (ii) sought a total refund of $110,169,616.  States that

the remaining allegations in this paragraph are legal argument and/or legal conclusions to which

no response is required.

143.    Admits that, according to Complaint Exhibit K (Doc. 15-10), it appears that on or

around December 19, 2016, Visa filed a refund claim for its tax year ended September 30, 2011

on Form 1120X, Amended U.S. Corporation Income Tax Return (the "**2011 Cybersource**

**Refund Claim**") which (i) included an additional $12,028,447 Section 199 Deduction related to Cybersource, and (ii) sought a total additional refund of $13,796,477.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and/or, in the alternative, states that the allegations are argument and/or legal conclusions to which no response is required.

144.    Admits that, according to Complaint Exhibit L (Doc. 15-11), it appears that on or around February 22, 2018, Visa filed an amendment to the 2011 VisaNet Refund Claim and the 2011 Cybersource Refund Claim (together, the "**2011 Refund Claims**").  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and/or, in the alternative, states that the remaining allegations are argument and/or legal conclusions to which no response is required.

145.    Admits that, according to Complaint Exhibit M (Doc. 15-12), it appears that on or around August 16, 2022, Visa filed an amendment to the 2011 Refund Claims.  Admits that this followed an examination and administrative appeals process.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and/or, in the alternative, states that the remaining allegations are argument and/or legal conclusions to which no response is required.

146.    Admits, and avers that the letter also stated, prior to the quoted text, "We considered your protest and the evidence and arguments submitted in support of the above claim for a refund of tax.  After making the necessary adjustments, we're allowing part of your claim amount.  We can't allow your entire claim for the following reasons:"  Avers further that the letter also stated, in relevant part, "We based our decision on the provisions of the IRS laws and regulations."

147.    Admits, and avers that the letter also stated, prior to the quoted text, "We considered your protest and the evidence and arguments submitted in support of the above claim for a refund of tax.  After making the necessary adjustments, we're allowing part of your claim amount.  We can't allow your entire claim for the following reasons:"  Avers further that the letter also stated, in relevant part, "We based our decision on the provisions of the IRS laws and regulations."

148.    Denies.

        **v.**    **Tax Year ended September 30, 2012**

149.    Admits that, according to an IRS Certified Transcript, IRS Form 4340, dated August 22, 2024, for plaintiff's tax year ended September 30, 2012, plaintiff filed an income tax return with the IRS for that year, on or around June 15, 2013 (the "**Original 2012 Return**"). States that defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and/or, in the alternative, states that the remaining allegations are argument and/or legal conclusions to which no response is required.

150.    Admits that, according to the aforementioned Certified Transcript, Visa's Original 2012 Return reported total tax of $1,561,955,893, and that Visa paid this tax by making electronic payments and applying credits per the table set forth in this paragraph.  States that the remaining allegations in this paragraph are legal argument and/or legal conclusions to which no response is required.

151.    Admits that, according to Complaint Exhibit N (Doc. 15-13), it appears that on or around February 22, 2018, Visa filed a refund claim for its tax year ended September 30, 2012 on Form 1120X, Amended U.S. Corporation Income Tax Return (the "**2012 Refund Claim**"), with the IRS Service Center in Ogden, UT, and that it (i) included a claim for a $227,085,098

Section 199 Deduction, and (ii) sought a total refund of $93,074,560.  Avers that according to the aforementioned Certified Transcript, the refund claim was received by the IRS on around February 27, 2022.  States that the remaining allegations in this paragraph are legal argument and/or legal conclusions to which no response is required.

152.    Admits that, according to Complaint Exhibit O (Doc. 15-14), it appears that on or around August 16, 2022, Visa filed an amendment to the 2012 Refund Claim with the IRS Service Center in Ogden, UT.  Admits this followed an examination and administrative appeals process.  States that the remaining allegations in this paragraph are legal argument and/or legal conclusions to which no response is required.

153.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and/or, in the alternative, states that the allegations are argument and/or legal conclusions to which no response is required.

154.    Denies.

**vi.    Tax Years ended September 30, 2013, September 30, 2014, and September 30, 2015**

155.    Admits that, according to an IRS Certified Transcript, IRS Form 4340, dated August 22, 2024, for plaintiff's tax year ended September 30, 2013, plaintiff filed an income tax return with the IRS for that year, on or around June 12, 2014 (the "**Original 2013 Return**"). States that defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and/or, in the alternative, states that the remaining allegations are argument and/or legal conclusions to which no response is required.

156.    Admits that, according to an IRS Certified Transcript, IRS Form 4340, dated August 22, 2024, for plaintiff's tax year ended September 30, 2014, plaintiff filed an income tax return with the IRS for that year, on or around June 11, 2015 (the "**Original 2014 Return**").

28

States that defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and/or, in the alternative, states that the remaining allegations are argument and/or legal conclusions to which no response is required.

157.    Admits that, according to an IRS Certified Transcript, IRS Form 4340, dated August 22, 2024, for plaintiff's tax year ended September 30, 2015, plaintiff filed an income tax return with the IRS for that year, on or around June 13, 2016 (the "**Original 2015 Return**"). States that defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and/or, in the alternative, states that the remaining allegations are argument and/or legal conclusions to which no response is required.

158.    Admits.

159.    Denies that on its face, Letter 901, Notice of Deficiency, referenced in Complaint paragraph 158, "disallowed Visa's claimed Section 199 Deduction for each tax year," and "made related adjustments to Visa's Foreign Tax Credit and Foreign Source Income amounts."  Avers that as documented on Form 886-A (Explanation of Items) for Visa's tax years ended September 30, 2013, September 30, 2014, and September 30, 2015, the IRS disallowed Visa's claimed Section 199 Deduction for each of those years, and made related adjustments to Visa's Foreign Tax Credit and Foreign Source Income amounts.  Admits that the IRS determined the deficiencies in tax as set forth in the table in this paragraph.

160.    Admits.

161.    Admits that the IRS denied Visa's refund claims for the amounts in the aforementioned table.  States that the remaining allegations are argument and/or legal conclusions to which no response is required.

### a.    Tax Year ended September 30, 2013

162.    Admits that, according to Complaint Exhibit P (Doc. 15-15), it appears that Visa filed a refund claim for its tax year ended September 30, 2013 on Form 1120X, Amended U.S. Corporation Income Tax Return (the "**2013 Refund Claim**") with the IRS Service Center in Ogden, UT, and that it (i) included a claim for a $116,205,373 Section 199 Deduction, and (ii) sought a total refund of $36,931,948.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and/or, in the alternative, states that the remaining allegations are argument and/or legal conclusions to which no response is required.

163.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and/or, in the alternative, states that the allegations are argument and/or legal conclusions to which no response is required..

164.    Denies.

**b.    Tax Year ended September 30, 2014**

165.    Admits that, according to Complaint Exhibit R (Doc. 15-17), it appears that Visa filed a refund claim for its tax year ended September 30, 2014 on Form 1120X, Amended U.S. Corporation Income Tax Return (the "**2014 Refund Claim**") with the IRS Service Center in Ogden, UT, and that it (i) included a claim for a $307,617,595 Section 199 Deduction related to VisaNet, (ii) included a claim for a $20,745,675 Section 199 Deduction for the Cybersource Software, and (iii) sought a total refund of $110,109,919.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and/or, in the alternative, states that the remaining allegations are argument and/or legal conclusions to which no response is required.

166.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and/or, in the alternative, states that the allegations are argument and/or legal conclusions to which no response is required.

167.   Denies.

### c.   Tax Year ended September 30, 2015

168.   Admits that, according to Complaint Exhibit S (Doc. 15-18), it appears that Visa filed a refund claim for its tax year ended September 30, 2015 on Form 1120X, Amended U.S. Corporation Income Tax Return (the "**2015 Refund Claim**") with the IRS Service Center in Ogden, UT, and that it (i) included a claim for a $320,473,067 Section 199 Deduction, and (ii) sought a total refund of $120,722,731.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and/or, in the alternative, states that the allegations are argument and/or legal conclusions to which no response is required.

169.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and/or, in the alternative, states that the allegations are argument and/or legal conclusions to which no response is required.

170.   Denies.

Demand for Relief

Defendant denies that plaintiff is entitled to any of the requested relief.


WHEREFORE, defendant prays that the complaint be dismissed with prejudice, with costs assessed against plaintiff.

Dated:  October 21, 2024                    Respectfully submitted,

                                            */s Jonathan L. Blacker*
                                            JONATHAN L. BLACKER
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            717 N. Harwood, Suite 400
                                            Dallas, Texas 75201
                                            Tel: 214-880-9765
                                            Cell: 202-598-7019
                                            Fax: 214-880-9741
                                            Jonathan.Blacker2@usdoj.gov

                                            DAVID A. HUBBERT
                                            Deputy Assistant Attorney General
                                            DAVID I. PINCUS
                                            Chief, Court of Federal Claims Section
                                            JASON BERGMANN
                                            Assistant Chief, Court of Federal Claims Section
                                            STEVEN M. CHASIN
                                            Trial Attorney

                                            *s/ Jason Bergmann*
                                            Of Counsel

                                            Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 21, 2024, I electronically filed this document via the Court's ECF system, which will send notification of such filing to all counsel of record entitled to ECF notice.

<u>/s/ <i>Jonathan L. Blacker</i></u>
JONATHAN L. BLACKER
